IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|          ) | |
|    Plaintiff,      ) | |
|          ) | |
| v.      ) | Case No. CR-24-428-D |
|          ) | |
| JIMMY ROGERS GATEWOOD, JR.,      ) | |
|          ) | |
|    Defendant.      ) | |

## **ORDER**

Before the Court is Defendant's Motion to Dismiss the Indictment [Doc. No. 51]. Defendant argues the Second Amendment of the United States Constitution protects his right, as a felon, to possess a firearm in violation of 18 U.S.C. § 922(g)(1). According to Defendant, § 922(g)(1) is unconstitutional as applied.

In his motion, Defendant states that he has previous convictions for Shooting with Intent to Kill (*Oklahoma v. Jimmy Rogers Gatewood, Jr.*, Case No. CF-1990-2303), Felon in Possession of a Firearm (*United States of America v. Jimmy Rogers Gatewood*, Case No. 93-CR-33), Possession of Marijuana After a Conviction (*State of Oklahoma v. Jimmy Rogers Gatewood*, Case No. CF-2003-90), and Accessory After the Fact (*State of Oklahoma v. Jimmy Rogers Gatewood*, Case No. CF-2009-92). He further argues that applying the Supreme Court's test—as annunciated in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) and clarified in *United States v. Rahimi*, 144 S. Ct. 1889 (2024)—prevents the legislature from disarming him despite his record. He further contends that he has not demonstrated "a proclivity for violence' through past violent,

forceful, or threatening conduct" and the Second Amendment, as understood through history, therefore protects his right to possess a firearm. Mot. Dis. at 13 (quoting *United States v. Harrison*, 654 F. Supp. 3d 1191, 1210 (W.D. Okla. 2023)).

Upon consideration, the motion is denied. The Tenth Circuit's holding in *Vincent v. Bondi*, 127 F.4th 1263 (10th Cir. 2025) controls. There, the Circuit Court analyzed Supreme Court precedent—including *Heller*, *Bruen*, and *Rahimi*—as well as Tenth Circuit precedent in *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). The Circuit Court ultimately "upheld the constitutionality of § 922(g)(1) for all individuals convicted of felonies." *Vincent*, 127 F.4th at 1266; *see also District of Columbia v. Heller*, 554 U.S. 570, 635 (2008) ("nothing in [*Heller*] should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons"). According to the Circuit Court, district courts need not engage in "an individualized inquiry concerning felons[.]" *Id.* (citations omitted) (applying § 922(g)(1) to a criminal defendant convicted of bank fraud).

This Court "[m]ust follow the precedent of this circuit[.]" *United States v. Spedalieri*, 910 F.2d 707, 709N.2 (10th Cir. 1990).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss the Indictment [Doc. No. 51] is **DENIED**.

**IT IS SO ORDERED** this 5th day of March, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge